## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| LEON ELGIN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No.: 4:05cv970 DJS |
| | ) |
| ST. LOUIS COCA-COLA | ) |
| BOTTLING COMPANY | ) |
| DIVISION OF COCA-COLA | ) |
| ENTERPRISES, INC. | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, Plaintiff, Leon Elgin, by and through the undersigned counsel of record and pursuant to Rule 56(f) of the Federal Rules of Civil Procedure and herewith states as follows:

### PROCEDURAL BACKGROUND

On February 23, 2005, Leon Elgin filed a two (2) count Petition in the Circuit Court of St. Charles County, alleging violations of the Missouri Human Rights Act and invasion of privacy- intrusion upon seclusion. Efforts were made to identify and serve the correct registered agent with said Petition. On May 11, 2005, an Alias summons was issued and on May 23, 2005, the Defendant's agent was served.

On or sometime shortly after June 17, 2005, Defendant removed the instant case to Federal Court under diversity of citizenship. The Rule 16 Order was issued in the case and it was assigned Track 2 with the understanding that the parties would submit a Joint Scheduling Plan (JSP) on or before July 15, 2005.

The parties reached agreement regarding the deadlines delineated in the JSP and on August 3, 2005, the Court issued the Case Management Order which set forth each relevant deadline governing the case including deadlines for completing all discovery. The discovery deadline was set for February 20, 2006. The parties to date have not conducted written or oral discovery.

However, on September 29, 2005, the Defendant filed a Motion for Summary Judgment along with a memorandum in support of the same supported by the Affidavits of Jeff Oberman, Don Waltenberger, and Kevin Sorich. Each affidavit is addressed below and mentioned in the undersigned's affidavit, which is attached hereto and incorporated herein by reference.

## ARGUMENT

Summary judgment if appropriate if the record "shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Dulany v. et. al. v. Mel Carnahan et. al., 132 F.3d 1234, 1237 (8th Cir. 1997). However, summary judgment is proper only after the nonmovant has had adequate time to engage in discovery. Stanback v. Best Diversified Products, Inc., et. al., 180 F. 3d 903, 911 (8th Cir. 1999) citing In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig., 113 F. 3d 1484, 1489-90 (8th Cir. 1997) It is left to the discretion of the district court to determine whether the parties have had adequate time for discovery and that discretion is reviewed for abuse of discretion. National Bank of Commerce v. Dow Chem. Co., 165 F. 3d 602, 606 (8th Cir. 1999). A Party opposing summary judgment who has not had an adequate opportunity to conduct discovery must seek relief pursuant to Federal Rule of Civil Procedure 56(f) which requires filing an affidavit with the court showing facts which further discovery might unveil. Dulany v. et. al. v. Mel Carnahan et. al., 132 F.3d 1234, 1238 (8th Cir. 1997)

2

In this case, the court issued a Case Management Order (CMO) which set forth each of the relevant deadline governing the instant matter including deadlines for completing all discovery. February 20, 2006 was the deadline for completing discovery. The parties to date have not conducted written or oral discovery. Yet, on September 29, 2005, the Defendant filed a Motion for Summary Judgment. Additional time is required up to and including February 20, 2006 for the parties to complete discovery in order for Plaintiff to be able to properly respond to Defendant Motion for Summary Judgment.

## AFFIDAVIT SUBMITTED BY DEFENDANT
## IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant filed a Motion for Summary Judgment along with a memorandum in support of the same. The Affidavits of Jeff Oberman, Don Waltenberger, and Kevin Sorich were attached to the motion. Defendant's Motion For Summary Judgment must be denied, as the affidavits submitted in support thereof fails to comply with the Federal Rules of Civil Procedure.

In order to be considered on a motion for summary judgment, an affidavit must contain three prerequisites: It must be sworn upon personal knowledge; it must state facts admissible in evidence at the time of trial; and must be offered by a competent affiant. The Court should not consider affidavits that fail to satisfy these prerequisites. Aucutt v. Six Flags Over Mid-America, Inc., 85 F. 3d 1311, 1317 (8th Cir. 1996)  For the reasons mentioned below, the Court must disregard the Affidavits submitted by the defendant in support of its Motion For Summary Judgment for the reasons set forth below.

## AFFIDAVIT OF JEFF OBERMAN

The instant Affidavit does not appear to comply with the Affidavit prerequisites as outlined in Rule 56(e) of the Federal Rules of Civil Procedure. Oberman does not appear to have firsthand knowledge of the facts and/or relevant events regarding the tracking device installed on

3

the Plaintiff's van or the shortages that allegedly resulted in the installation of the GPS device.

Instead, he relies on information that was told to him by Ronald Baines, and Don Waltenberger

which is in admissible hearsay.  As such, the Affidavit should be stricken.  See Aucutt v. Six

Flags over Mid-America, Inc, 85 F.3d 1311, 1317 (8th Cir. 1996).

## AFFIDAVIT OF DON WALTENBERGER

The Affidavit of Don Waltenberger must be stricken for the same reasons as Oberman's.

Both Affidavits lack the prerequisites as delineated in Rule 56 of the Federal Rules of Civil

Procedure, as the affiant do not have first hand information surrounding the facts asserted in their

statement.

**WHEREFORE,** for the foregoing reasons, Plaintiff prays that the Court denies

Defendant's Motion For Summary Judgment.  In the alternative, Plaintiff prays that the Court

allows the parties additional time up to and including the time delineated in the Case

Management Order, (February 20, 2006) to complete discovery along with any other relief

deemed just and appropriate.

Respectfully Submitted,

/s/Christopher B. Bent #85151

Bent Law Firm, P.C.
Post Office Box 4040
5960 Howdershell, Suite 206
Hazelwood, Missouri 63042
314-551-0898 Phone
314-551-0894 FAX

4

## CERTIFICATE OF SERVICE

I hereby certify that on 18th day of October, 2005, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

William G. Trumpeter                    Kathie A. Bullerdick
Elizabeth Theobald Irvin                Armstrong Teasdale LLP
Miller & Martin PLLC                    One Metropolitan Square, Suite 2600
832 Georgia Avenue, Suite 1000          St. Louis, Missouri 63102-2740
Chattanooga, Tennessee 37402

/s/Christopher B. Bent

5

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEON ELGIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No.: 4:05CV970 DJS |
| | ) |
| ST. LOUIS COCA-COLA BOTTLING | ) |
| COMPANY, DIVISION OF COCA-COLA | ) |
| ENTERPRISES INC., | ) |
| | ) |
| Defendant. | ) |

## AFFIDAVIT OF CHRISTOPHER BENT

I, Christopher Bent, having been duly sworn and states as follows:

1.  I am a person above the age of eighteen (18) and competent to make this affidavit, and I have firsthand information regarding the facts mentioned herein.

2.  My current address is Post Office Box 4040, Hazelwood, Mo 63042.

3.  I am counsel for the Plaintiff, and filed a two (2) count Petition in his behalf on February 23, 2005 in the Circuit Court of St. Charles County, Missouri.

4.  On May 11, 2005 an Alias summons was issued and on May 23, 2005, Defendant's agent was served. The case was subsequently removed to Federal Court by the Defendant.

5.  Defendant's Motion for Summary Judgment was filed with the Court on September 29, 2005, more than five (5) months before the discovery deadline and before the parties conducted any discovery.

1

6.   After reviewing said Motion for Summary Judgment and memorandum related thereto, I attest that it would be difficult if not impossible to respond to Defendant's Motion for Summary Judgment without conducting additional discovery.

7.   Upon information and belief, the following information will be obtained if Plaintiff is given time to conduct and complete discovery:

   a.   Through depositions and/or written testimony, Plaintiff will likely discover that the focus of the investigation was on Plaintiff because of his race, and that there is no reason to believe that Plaintiff was responsible for alleged shortages. This information would be discovered through James Bradley; Don Waltenberger; Jeff Oberman; Kevin Sorich, and/or through request for admissions directed to the Defendant.

   b.   Through depositions and/or written testimony, Plaintiff will likely discover that Don Waltenberger focused his attention on Plaintiff versus other employees, thus lending credence to Plaintiff's disparate treatment claim;

   c.   Through depositions and/or written testimony, Plaintiff will likely discover that the GPS device was not installed on James Bradley's vehicle because of his race, and that the GPS device was installed on Plaintiff's vehicle because of a pattern and practice of treating Blacks much worse than Whites.;

2

d.  Through depositions and/or written testimony of either Bradley;

Waltenberger; Oberman; Sorich; and/or the Plaintiff, Plaintiff will

likely discover the investigatory analysis was conducted differently for

Plaintiff than it was for similarly situated White employees.

**Further Affiant Sayeth Naught**



Christopher Bent, Esq.

Subscribed and sworn before me this 18th day of October , 2005.

_____
Notary Public

My Commission Expires:

_____

ERICA RIVERA
Notary Public - Notary Seal
State of Missouri
County of St. Louis
My Commission Exp. 06/08/2007

3