```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MISSOURI
                        EASTERN DIVISION
```

LEON ELGIN,                      )
                                 )
       Plaintiff,        )
                                 )
  vs.                            )    Case No. 4:05CV970-DJS
                                 )
ST. LOUIS COCA-COLA              )
BOTTLING CO.,                    )
                                 )
       Defendant.        )

## ORDER

Now before the Court is defendant's motion for summary judgment. Plaintiff, defendant's employee, asserts that defendant violated the Missouri Human Rights Act (hereinafter "MHRA") and intruded upon plaintiff's seclusion by performing an allegedly racially motivated investigation of plaintiff, which included the installation of a global positioning system tracker (hereinafter "GPS tracker") on the company van plaintiff was assigned to drive. After careful consideration, the Court will grant summary judgment for defendant and against plaintiff for the reasons set forth below.

## Background

As defendant points out in its reply, all matters set forth in the statement of undisputed facts of defendant not specifically controverted by plaintiff are deemed admitted for the purpose of summary judgment. E.D.Mo. L.R. 4.01(E). The Court has viewed the facts in a light most favorable to the non-movant and

observed the local rule as stated above.  The following facts are thereby established for purposes of the summary judgment motion.

Plaintiff, an African-American male, filed suit in St. Charles County, Missouri.  The suit was removed to this Court on the basis of diversity jurisdiction.  Plaintiff was employed as a service technician by defendant, and serviced several machines and other beverage dispensing equipment owned by defendant in the North County area of St. Louis.  In Spring 2003, defendant experienced cash shortages from vending machines in the North County area.  The shortages were found in machines with no sign of forced entry. Defendant suspected that the shortages were caused by those employees with access to the machines.  Defendant began investigating plaintiff and other Caucasian employees.

Defendant owns several company vehicles which it permits its employees to drive.  A GPS tracker was placed inside the company van that plaintiff was permitted to drive during working and non-working hours.  GPS trackers were also placed inside company vehicles assigned to Caucasian employees with access to the vending machines with cash shortages.  After the investigation of plaintiff was concluded, he was informed that the GPS tracker had been placed on his vehicle, but that he had been cleared of any wrongdoing.  Plaintiff received no discipline, and he maintained his position working for defendant with no change in his job duties or job conditions.

**Discussion**

In considering a motion for summary judgment, the Court must "view all of the evidence in the light most favorable to the nonmoving party and [will] give that party the benefit of all reasonable inferences to be drawn from the facts disclosed in the pleadings." Reich v. ConAgra, Inc., 987 F.2d 1357, 1359 (8th Cir. 1993). "Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Id. "Although the moving party has the burden of demonstrating the absence of genuine issues of material fact, the 'nonmoving party may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial.'" Burchett v. Target Corp., 340 F.3d 510, 516 (8th Cir. 2003), quoting Rose-Maston v. NME Hosps., Inc., 133 F.3d 1104, 1107 (8th Cir. 1998). A claim of discrimination supported more by conjecture and speculation than evidence is insufficient to withstand summary judgment. Girten v. McRentals, Inc., 337 F.3d 979, 982 (8th Cir. 2003). The Court will grant summary judgment against plaintiff as to Count I, as no adverse employment action has been alleged, and as to Count II, as plaintiff has not asserted that substantial damages have occurred due to the alleged intrusion upon seclusion.

**A. Missouri Human Rights Act** – **Count I**

The MHRA provides that it is unlawful employment practice:

> (1) For an employer, because of the race, color, religion, national origin, sex, ancestry, age or disability of any individual: (a) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, national origin, sex, ancestry, age or disability;

Mo. Rev. Stat. § 213.055(1). "Decisions under the MHRA, however, are guided not only by Missouri law but also by federal employment discrimination decisions which 'are applicable and authoritative under the MHRA.'" Tart v. Hill Behan Lumber Co., 31 F.3d 668, 671 (8th Cir. 1994) (citation omitted).

> The employee, as the claimant, must first establish a prima facie case of employment discrimination . . . . Once the employee has presented a prima facie case, the burden then shifts to the employer to articulate a nondiscriminatory explanation of its actions. If the employer is able to articulate a legitimate reason for its action, the burden shifts back to the employee to prove by a preponderance of the evidence that the reason stated was merely pre-textual.

Cook v. Atoma Int'l of Am., Inc., 930 S.W.2d 43, 45 (Mo. App. 1996) (citations omitted). In order to establish a prima facie case of employment discrimination based on plaintiff's race, he must show "(1) that he is a member of a protected class, (2) that he was meeting the employer's legitimate job expectations, (3) that he suffered an adverse employment action, and (4) that similarly situated employees outside the protected class were treated differently." Tolen v. Ashcroft, 377 F.3d 879, 882 (8th Cir. 2004). The Court finds as a matter of law that plaintiff has not suffered an adverse employment action.

A material employment action is sufficiently adverse to sustain a retaliation claim if there exists a "tangible change in duties or working conditions that constituted a material employment disadvantage or an ultimate employment decision such as termination, demotion, [or] reassignment, but not merely hostility, disrespect, or ostracism." Scusa v. Nestle U.S.A. Co., 181 F.3d 958, 969 (8th Cir. 1999) (summarizing the holding in Manning v. Metropolitan Life Ins. Co., 127 F.3d 686, 692 (8th Cir. 1997)). "Employment actions commonly considered serious enough to inflict constitutional injury include refusals to hire, refusals to promote, reprimands, demotions, and discharges." Jones v. Fitzgerald, 285 F.3d 705, 714 (8th Cir. 2002). An internal investigation alone does not constitute an actionable adverse employment action. See id. at 714-15.; Hoffman v. Rubin, 193 F.3d 959, 965 (8th Cir. 1999).

The investigation by defendant in addition to the installation of a GPS tracking device in one of defendant's company vehicles does not constitute any tangible change in plaintiff's employment conditions. No disciplinary action was taken against plaintiff. Plaintiff has the same position, with the same responsibilities and the same rate of pay, after the investigation as he had before the investigation. Plaintiff has not suffered any adverse employment action.

Plaintiff has filed a Rule 56(f) affidavit in his response to defendant's motion for summary judgment. Under Fed. R. Civ. P. 56(f), in order to obtain additional time for discovery

before a motion for summary judgment is ruled on, "the party opposing summary judgment must file an affidavit with the trial court to show what specific facts further discovery might unveil." Dulany v. Carnahan, 132 F.3d 1234, 1238 (8th Cir. 1997). Plaintiff fails to set out any facts that he hopes to discover which might establish prima facie evidence of an adverse employment action. The Court will therefore grant defendant summary judgment on the MHRA claim asserted in Count I.

**B. Intrusion upon Seclusion – Count II**

"One who intentionally intrudes, physically or otherwise upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." Sofka v. Thal, 662 S.W.2d 502, 510 (Mo. 1983). Plaintiff must show "the existence of a secret and private subject matter, a right in the plaintiff to keep that subject matter private, and the obtaining by the defendant of information about that subject matter through unreasonable means." St. Anthony's Med Ctr. v. H.S.H., 974 S.W.2d 606, 609-10 (Mo. App. 1998).

The information potentially revealed by the "intrusion" of the GPS device is limited to the whereabouts of the company vehicle at any given point in time. Defendant is not alleged to have surreptitiously gather any other information form or about the vehicle driven by plaintiff. Under United States Supreme Court precendent, an automobile's path of travel is, as a matter of law, not secret and private subject matter as necessary for a viable

invasion of privacy claim under Missouri law.  The Supreme Court, although ruling on a Fourth Amendment issue, has held that "[a] person traveling in an automobile on public thoroughfares has no reasonable expectation of privacy in his movements from one place to another."  U.S. v. Knotts, 460 U.S. 276, 281 (1983) (holding that the installation of a tracking device in a drum of chloroform did not invade defendant's legitimate expectations of privacy and thus was not a "search" or "seizure" within the contemplation of the Fourth Amendment).  Additionally, the Court held that "no such expectation of privacy extended to the visual observation of [co-defendant's] automobile arriving on his premises after leaving a public highway, nor to movements of objects such as the drum of chloroform outside the cabin in the 'open fields.'"  Id. at 282.  The Court concentrates on the fact that "visual surveillance from public places along [co-defendant's] route or adjoining [defendant's] premises would have sufficed to reveal all of these facts to the police."  Id.  Furthermore, the Restatement of Torts follows a similar analysis with respect to the tort of intrusion upon seclusion and comments that there is not liability for "observing [a plaintiff] or even taking his photograph while he is walking on the public highway, since he is not then in seclusion, and his appearance is public and open to the public eye."  Restatement (Second) of Torts § 652B cmt. c (1977).

The reasonableness of defendant's actions is an issue generally left for the jury.  Sofka, 662 S.W.2d at 511.  However, if plaintiff cannot demonstrate a sufficiently substantial

intrusion, the Court may grant summary judgment. See id. Use of the tracking device on defendant's company car, even though it was assigned to plaintiff, does not constitute a substantial intrusion upon plaintiff's seclusion, as it revealed no more than highly public information as to the van's location. Especially because the van was the property of defendant, defendant's use of the tracking device on its own vehicle does not rise to the level of being highly offensive to a reasonable person. Additionally, the Court finds that plaintiff's Rule 56(f) affidavit does not allege that further discovery will establish that a substantial intrusion has occurred.

For the reasons stated above, the Court will enter summary judgment in favor of defendant and against plaintiff on both Count I, the alleged MHRA violation, and Count II, Intrusion Upon Seclusion.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [Doc. #14] is granted.

Dated this ___14th___ day of November, 2005.

                                      /s/Donald J. Stohr
                                      UNITED STATES DISTRICT JUDGE